**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **GLENTARIUS WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION NO. 5:13-CV-449 (MTT)** |
| | ) |
| **FORT VALLEY STATE UNIVERSITY,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**ORDER**

This matter is before the Court on Plaintiff Glentarius Williams's motion to appoint

counsel.  (Doc. 6).  For the reasons discussed below, the Plaintiff's motion is **DENIED**.

Further, the Plaintiff's complaint is **DISMISSED without prejudice** pursuant to 28

U.S.C. § 1915(e)(2)(B).

## I.     BACKGROUND

After granting the Plaintiff's motion to proceed in forma pauperis, the Court

ordered the Plaintiff to amend his complaint because it was difficult to discern the nature

of his claims.  (Doc. 4).  The Plaintiff subsequently amended his complaint.  (Doc. 5).[1]

The Plaintiff claims Defendant Fort Valley State University "refused to let [him] receive

an education at a federally funded public institution."  (Doc. 5 at 1).  The complaint lists

several professors the Plaintiff claims either altered his test scores, gave him

---

[1] The only change in the amended complaint is that the statute listed as the basis for relief is 20 U.S.C. § 1051, which does not afford the Plaintiff a cause of action.  This statute is part of Title III of the Higher Education Act of 1965, which allows certain educational institutions to receive federal funding.  *Fort Valley State Coll. v. Bennett*, 853 F.2d 862, 863 (11th Cir. 1988). Specifically, the statute cited by the Plaintiff states the "Findings and purpose" behind allowing federal funding for certain educational institutions.  20 U.S.C. § 1051.

unreasonable tasks to complete, or failed to email him assignments.  Additionally, the Plaintiff claims his Regents' test scores were altered in the computer on two separate occasions.  According to the complaint, the Plaintiff had to retake the exam due to an erroneous failing score, and he ultimately received a lower passing score on the second exam than he actually earned.  The Plaintiff further alleges that he was "destroyed mentally, emotionally, and [he] was physically tired."  (Doc. 5 at 13).  For this injury, he seeks damages in the meagre amount of $100 million.

## II.   DISCUSSION

### A.  Motion to appoint counsel

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  However, "[a]ppointment of counsel in a civil case is not a constitutional right."  *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Hunter v. Dep't of Air Force Agency*, 846 F.2d 1314, 1317 (11th Cir.1988) (stating that decision is within discretion of district court).   Rather, "it is a privilege that is justified only by exceptional circumstances."  *Wahl*, 773 F.2d at 1174.  In exercising its discretion regarding whether to appoint counsel for an indigent party, "the district court typically considers, among other factors, the merits of the plaintiff's claim and whether the claim is factually or legally so complex as to warrant the assistance of counsel."  *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).

The Court finds no exceptional circumstances exist that warrant the appointment of counsel in this case.  As discussed below, even after amendment the complaint is so devoid of merit that it must be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).  Consequently, the Plaintiff's motion to appoint counsel (Doc. 6) is **DENIED**.

**B. Analysis of claims**

Because the Plaintiff is proceeding in forma pauperis, the Court is required to dismiss the case if it (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A complaint is subject to dismissal when it does not contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In making the above determination, all factual allegations in the complaint must be viewed as true.  *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).  "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).  The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555.  When a plaintiff is proceeding pro se, his pleadings may be held to a less stringent standard than pleadings drafted by attorneys and will be liberally construed.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  However, where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts.  *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citation omitted).  Despite an opportunity to amend, the complaint is subject to dismissal because it seeks monetary relief against a defendant who is immune from such relief, and it fails to state a claim on which relief may be granted.

Based on the allegations in the complaint that the Plaintiff was denied "fair or equal protection of the law," he is presumably attempting to assert a claim pursuant to 42 U.S.C. § 1983. (Doc. 5 at 4). To prevail in a § 1983 action, the Plaintiff must show "(1) that [an] act or omission deprived [him] of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Marshall Cnty. Bd. of Educ.*, 992 F.2d at 1174 (internal quotation marks and citation omitted).[2]

Regardless of whether the Plaintiff is attempting to sue the Defendant pursuant to § 1983, the Eleventh Amendment bars his suit for damages. Because Fort Valley State University is a state entity, the Eleventh Amendment bars suit against it unless 1) the state has waived its immunity, or 2) Congress has abrogated the state's immunity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1301 (11th Cir. 2007) (holding the Eleventh Amendment barred § 1983 claims against the University of Georgia and the Board of Regents because they were state entities). It is well-established that Congress has not abrogated the states' immunity pursuant to § 1983, and the Plaintiff has not asserted any other statute pursuant to which Congress has abrogated the states' immunity. *See Williams*, 477 F.3d at 1301; *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990). The Plaintiff is further barred because a state entity is not a "person" against

---

[2] Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress … .

42 U.S.C. § 1983.

whom a § 1983 claim for money damages can be asserted.  *See Will v. Mich. Dep't State of Police*, 491 U.S. 58, 71 (1989).  There is no suggestion the Defendant has waived its immunity.  Therefore, the Plaintiff's claim for damages fails as a matter of law.

Notwithstanding the Eleventh Amendment bar, the complaint also fails to state a claim on which relief may be granted.  As for the Plaintiff's claim he was denied equal protection of the law, the complaint does allege that the Plaintiff is a member of a group or class that has been discriminated against, nor does it allege that the Plaintiff was treated differently from others similarly situated and there was no rational basis for the difference in treatment.  *See Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1200-1201 (11th Cir. 2007) (explaining requirements for "traditional" and "class of one" equal protection claims).

To the extent the complaint can be read to allege a violation of due process, it also fails to state a claim.  The Plaintiff claims he was "deprived of federal funds," but does not state how he was deprived of any funds.  The allegation that the Defendant refused to let him receive an education also fails to state a claim.  Even assuming the Plaintiff has a constitutionally protectable interest in receiving an education at a public university,[3] the Plaintiff has failed to establish how he was deprived of this interest.  According to the representations in his motion to appoint counsel, the Plaintiff is still a

---

[3] This would be a big assumption.  It seems clear that a right to a public education is not a constitutionally protectable interest.  *See Bowers v. Bd. of Regents of Univ. Sys. of Ga.*, 509 F. App'x 906, 909 (11th Cir. 2013) ("Both the United States Supreme Court and this Court have concluded that no fundamental right to public education exists, let alone a fundamental right to a public medical school education."); *C.B. By and Through Breeding v. Driscoll*, 82 F.3d 383, 387 (11th Cir. 1996).  *But see Regents v. Univ. of Mich. V. Ewing*, 474 U.S. 214, 222-23 (1985) (assuming without deciding the existence of a constitutionally protectable property interest in continued college enrollment for purposes of substantive due process analysis); *Haberle v. Univ. of Ala.*, 803 F.2d 1536, 1539 n.1 (11th Cir. 1986) (same).

full-time student.  (Doc. 6).  Though the complaint alleges improper grading decisions were made, it does not allege enough facts to show which university officials made which allegedly improper decisions.  Therefore, the complaint does not provide the Defendant fair notice of the claims against it.[4]

### III.    CONCLUSION

For the reasons discussed above, the Plaintiff's motion for appointment of counsel (Doc. 6) is **DENIED**, and the complaint is **DISMISSED without prejudice**.

**SO ORDERED**, this 21st day of January, 2014.


S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[4] The Court is also not sure whether these grading decisions, even if clearly alleged, would provide a basis for relief.  The Plaintiff would have to have a protectable interest in being free from arbitrary grading decisions, as opposed to merely continuing to receive a public post-secondary education, because by his account he is still a student.